UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUFUS MISTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THOMAS DART, in his official capacity as ) | |
| Sheriff of Cook County; ) | Case No. 13-cv-1578 |
| COUNTY OF COOK, a local public entity ) | |
| under the laws of the State of Illinois; ) | Judge John W. Darrah |
| KATINA M. BONAPARTE, M.D., ) | |
| individually and in her official capacity; ) | |
| SCOTT BRATLIEN, Superintendent, ) | |
| individually and in his official capacity; ) | |
| CONCETTA C. MENNELLA, M.D., ) | |
| individually and in her official capacity; and ) | |
| MENNELLARAMONDA AUSTIN, R.N., ) | |
| individually and in her official capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rufus Mister has moved to strike the affirmative defenses raised in the Answers filed by Defendants Thomas Dart, Scott Bratlien, Katina Bonaparte, Mennellaramonda Austin, and the County of Cook, pursuant to Federal Rule of Civil Procedure 12(f), as insufficient as a matter of law. For the reasons set forth herein, Plaintiff's Motion is denied in part and granted in part.

## BACKGROUND

Plaintiff, a wheelchair-bound pretrial detainee at the Cook County Jail, alleges that Defendants acted with deliberate indifference to his health and safety by failing to provide him with adequate medical treatment and equipment, in violation of the Fourteenth and Eighth

Amendments to the Constitution. (*See* Am. Comp.) Defendants Dart and Bratlien (the "Sheriff Defendants") filed an Answer that asserts seven affirmative defenses. Defendants County of Cook, Bonaparte, and Austin (the "Cook County Defendants") filed an Answer that asserts the same seven defenses and two additional defenses. Defendant Concetta Mennella has not filed an appearance or answer. In response to Plaintiff's Motion, Defendants have voluntarily withdrawn their fourth and sixth affirmative defenses. Furthermore, the Cook County Defendants have failed to respond to Plaintiff's Motion with respect to their eighth and ninth affirmative defenses.

## LEGAL STANDARD

Under Federal Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal citations and quotations omitted). However, "[i]t is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case." *Davis v. Elite Mortgage Servs.*, 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) (internal citations omitted).

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are pleadings subject to Rule 8 and must provide a short and plain statement that gives a plaintiff notice of the basis for the defense. *Id.*; *see also* Fed. R. Civ. P. 8(a). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller*, 883 F.2d at 1294. However, bare bones conclusory legal statements are insufficient to present an affirmative defense. *Id.* at 1295. A district court

has "considerable discretion" whether to strike defenses under Rule 12(f). *Delta Consulting Grp. Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

## ANALYSIS

### *First Affirmative Defense*

Defendants' first affirmative defense asserts: "[a] supervisory official cannot be held liable for the conduct of subordinates based on a theory of *respondeat superior*." Plaintiff argues that this defense is only a bare bone conclusory statement and lacks a short and plain statement in violation of Rule 8. Plaintiff further argues that this defense merely infers that Plaintiff cannot prove the necessary elements of his claim under § 1983. Defendants have made no factual assertions in this defense; rather, it is merely a conclusory bare bones statement and does not provide Plaintiff with sufficient notice of the defense. *See Heller*, 883 F.2d at 1295. Defendants' first affirmative defense is stricken without prejudice.

### *Second Affirmative Defense*

Defendants' second affirmative defense asserts: "Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)." Plaintiff moves to strike Defendants' second affirmative defense on the grounds that it is not an affirmative defense at all, but rather, a negative defense. Plaintiff further argues that prisoners seeking monetary relief are not required to exhaust their administrative remedies when filing civil rights actions.

An affirmative defense "is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D. Ill. 2011) (internal citations omitted). In contrast, a negative defense is an attack on a plaintiff's *prima facie* case.

3

*Id.* "A failure to exhaust is normally considered to be an affirmative defense." *Mosely v. Bd. of Educ.*, 434 F.3d 527, 533 (7th Cir. 2006). This defense is sufficiently pled as an affirmative defense as a matter of law and provides Plaintiff with notice of the defense. Plaintiff's Motion is denied with respect to the second affirmative defense.

*Third Affirmative Defense*

Defendants' third affirmative defense asserts that: "To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under Section 1983." Plaintiff argues that this is not a defense but a conclusory allegation. Defendants argue that this is a valid affirmative defense because it seeks to avoid liability for some reason beyond or apart from an inability to prove one or more of the elements of Plaintiff's claim. Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." As this is a purely legal defense, it is sufficiently pled to give Plaintiff notice of the defense. Plaintiff's Motion is denied with respect to the third affirmative defense.

*Fifth Affirmative Defense*

Defendants' fifth affirmative defense asserts that "Defendants did not possess knowledge of a specific risk of imminent harm to Plaintiff or a substantial risk of imminent harm to Plaintiff and did not fail to act with deliberate indifference to Plaintiff's well-being." To be liable under the Eighth Amendment for deliberate indifference, a prison official must be subjectively aware of the risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Plaintiff has been sufficiently put on notice of Defendants' defense. Plaintiff's Motion is denied with respect to the fifth affirmative defense.

*Seventh Affirmative Defense*

Defendants' seventh affirmative defense asserts that: "To the extent that it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff." Courts in this district have found the failure to mitigate defense is sufficiently pled without additional facts. *See, e.g., Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 570 (N.D. Ill. 1999) (holding that "in cases where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts"); *LaSalle Bank Nat'l Assoc v. Paramont Props.*, 588 F. Supp. 2d 840, 861 (N.D. Ill. 2008) (denying motion to strike similarly pled mitigation defense). Plaintiff's Motion is denied with respect to the seventh affirmative defense.

*The Cook County Defendants' Eighth and Ninth Affirmative Defenses*

The Cook County Defendants assert an eighth affirmative defense that "to the extent the Plaintiff, through his own negligence or intentional acts, caused or contributed to his own perceived injury, the Defendants are entitled to a reduction of damages recovered by Plaintiff . . . ." Defendants Bonaparte, Austin and the County also assert a ninth affirmative defense that: "Defendants reserve the right to name affirmative defenses as they become known through further discovery or otherwise in this action." Plaintiff argues that the eighth defense lacks a sufficient statement of the defense and that the ninth defense is not a proper affirmative defense. The Cook County Defendants have failed to respond to either argument. The Cook County Defendants' eighth and ninth affirmative defenses are stricken without prejudice.

**CONCLUSION**

For the foregoing reasons, Plaintiff Mister Rufus' Motion to strike Defendants' affirmative defenses [53] is granted in part and denied in part.  Defendants' first affirmative defense is stricken without prejudice.  The Cook County Defendants' eighth and ninth affirmative defenses are also stricken without prejudice.  Defendants have voluntarily withdrawn their fourth and sixth affirmative defenses.  Plaintiff's Motion is denied as to Defendants' second, third, fifth and seventh affirmative defenses.  Defendants are granted leave to amend their Answers within thirty days of this Order, if they can do so pursuant to Rule 11.

Date:_____June 26, 2014____                       _____
                                                                           JOHN W. DARRAH
                                                                           United States District Court Judge