UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUFUS MISTER, | ) |
| | ) |
| Plaintiff, | ) Case No. 13-cv-1578 |
| v. | ) |
| | ) Judge John W. Darrah |
| THOMAS DART et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff Rufus Mister filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Thomas Dart, Scott Bratlien, Katina Bonaparte, Mennellaramonda Austin, and the County of Cook acted with deliberate indifference to his health and safety by failing to provide him with adequate medical treatment and equipment, in violation of the Fourteenth and Eighth Amendments to the Constitution. On July 10, 2015, Defendants filed a motion for summary judgment of Plaintiff's claim pursuant to Federal Rule of Civil Procedure Rule 56. For the reasons set forth below, the Motion is granted.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v.*

*Bristol–Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment." Local Rule 56.1(b)(3)(C) further permits the nonmovant to submit a statement "of any additional facts that require the denial of summary judgment. . . ." To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F.Supp.2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff is a wheelchair-bound paraplegic. (Dkt. 90 ¶ 6.) He was detained at the Cook County Jail (the "Jail") as a pretrial detainee from September 2011 until October 2013. (Dkt. 90 ¶ 2.) While a pretrial detainee, Plaintiff was housed in Cermak Health Services. (Dkt. 90 ¶ 3.) Upon intake, Plaintiff signed a Cook County Jail History Card that authorizes the Jail to handle the inmate's trust account and acknowledges receipt of the Inmates Rules and Regulations. (Dkt. 90 ¶ 8.) The Jail has an established grievance procedure that is available to all inmates and is set forth in the Inmates Rules and Regulations. (Dkt. 90 ¶ 10.) Upon receipt of a grievance, the Cook County Sheriff's Office ("Sheriff's Office") determines whether the grievance is sustained or not-sustained and assigns a remedy, if no exceptions apply. (Dkt. 103

¶ 4.) The Sheriff's Office's policy is to make this determination within 15 days. (Dkt. 103 Resp. ¶ 4.) Some grievance forms are processed as a "request" as a way to resolve the issue described on the form. (Dkt. 90 ¶ 16.) If there has been no response to the request or the response is deemed unsatisfactory, the inmate can resubmit the grievance after 15 days to obtain a Control Number. (Dkt. 90 ¶ 17.) After receiving a response to a grievance, an inmate can appeal the decision within 14 days of receiving that response. (Dkt. 90 ¶ 17.) In order for an inmate to fully exhaust his administrative remedies, he must submit an appeal of the response to his grievance. (Dkt. 90 ¶ 11.) A pretrial detainee cannot appeal requests. (Dkt. 103 ¶ 8.)

Plaintiff filed several grievances throughout his detainment in the Jail. (Dkt. 90.) He filed his Complaint on February 28, 2013, while he was incarcerated. (Dkt. 1.) He is no longer a detainee at Cook County Jail. (Dkt. 103 ¶ 1.) On July 10, 2015, Defendants filed a motion for summary judgment of Plaintiff's claim. For the reasons set forth below, Defendants' Motion is granted.

## LEGAL STANDARD

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party is responsible for informing the Court of what in the record or affidavits demonstrates the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its burden, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there is still a genuine issue of material fact.

*Celotex*, 477 U.S. at 322–27; *Anderson*, 477 U.S. at 254 - 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (*Matsushita*). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find" for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (*Anderson*).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507 - 08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Anderson*, 411 U.S. at 247 - 48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 411 U.S. at 249 - 250.

## ANALYSIS

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires an inmate to comply with the applicable procedural rules of a prison's grievance system to properly exhaust his administrative remedies. *Woodford v. Ngo,* 548 U.S. 81, 95 (2006). This is true even if exhaustion is impossible because it is too late to pursue administrative remedies. *Fluker v. Cnty. of Kankakee,* 741 F.3d 787, 791 (7th Cir. 2013). It is undisputed that Plaintiff failed to submit appeals of the Sheriff's Office's responses to his grievances.

4

Plaintiff argues that Defendants' delay in responding to Plaintiff's grievances made the administrative process unavailable to him, as they only responded to one grievance within 15 days. While there is a time period within which an inmate must appeal a grievance, there is nothing in the Jail's grievance procedure that states that the availability for appeal depends on when Plaintiff receives a response. Plaintiff fails to explain how Defendants' untimely responses prevented him from appealing and exhausting his administrative remedies. Plaintiff also cites to two cases to support his argument that the administrative process was unavailable to him: *Hurst v. Hantke*, 634 F.3d 409 (7th Cir. 2011); and *Brengettcy v. Horton*, 423 F.3d 674 (7th Cir. 2005). Both cases are inapposite and not persuasive. In *Hurst*, the Seventh Circuit held that an administrative remedy is not available if essential elements of the procedure for obtaining it are concealed. In that case, the essential element was a "secret supplement" to the state's administrative code requiring that claims of good cause for an untimely filing be accompanied by evidence. Plaintiff makes no such claim here. *Brengettcy* is similarly inapplicable. The plaintiff in *Brengettcy* alleged that there was no response to his grievances and that without a decision to appeal, he had done everything possible to exhaust his administrative remedies. In this case, Plaintiff received responses to all relevant grievances prior to filing his Complaint except for his two most recent grievances, one of which was filed two days before he filed this suit, the other was filed on April 16, 2013.

Plaintiff further contends that he could not appeal his February 26, 2013 grievance because it was processed as a request. The Jail's grievance procedure states that if there has been no response to the request or the response is deemed unsatisfactory, the inmate can resubmit the grievance after 15 days to obtain a Control Number. Plaintiff did not resubmit his request.

5

Finally, Plaintiff suggests that Defendants waived their right to argue that Plaintiff failed to exhaust his administrative remedies by failing to file a motion to dismiss. Plaintiff provides no support for this argument, and it is unpersuasive.

Plaintiff fails to assert a genuine issue of material fact such that summary judgment is inappropriate. As there are no disputed factual questions that bear Plaintiff's exhaustion of his administrative remedies, a *Pavey* hearing is unnecessary and will not be granted. *Wagoner v. Lemmon,* 778 F.3d 586, 591 (7th Cir, 2014).

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment [91] is granted.

Date: October 22, 2015

JOHN W. DARRAH
United States District Court Judge